## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**GERALD TAYLOR**                                                    **CIVIL ACTION**

**VERSUS**                                                                    **NO.  07-0501**

**C.H. HUBERT**                                                        **SECTION "N"(4)**

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**.  Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  *See* 28 U.S.C. § 2254(e)(2).[1]

I.   **Factual Background**

The petitioner, Gerald Taylor ("Taylor"), is an inmate currently incarcerated in the Elayn Hunt Correctional Center in St. Gabriel, Louisiana.[2]  Taylor filed this petition for issuance of a writ of habeas corpus pursuant to Title 28 U.S.C. § 2254 challenging his 1981 conviction on five counts of armed robbery.

---

[1]Under Title 28 U.S.C. § 2254(e)(2), an Evidentiary Hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2]Rec. Doc. No. 1.

Taylor was charged with these crimes by Bill of Information in Orleans Parish on June 17, 1981.[3]  Taylor entered a plea of guilty to the five counts on June 22, 1981, and, after waiver of delays, the Trial Court sentenced him on that same day to serve 10 years in prison, concurrent on each count.[4]  Taylor did not appeal or seek reconsideration of his sentence.[5]  His conviction therefore became final five business days later, on June 29, 1981.  *Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (under federal habeas law, a conviction is final when the state defendant does not timely proceed to the next available step in the state appeal process); *see Cousin v. Lensing*, 310 F.3d 843, 845 (5th Cir. 2002) (petitioner's guilty pleas became final at the end of the five-day period for filing a notice of appeal under La. Code Crim. P. art. 914[6]); La. Code Crim. P. art. 13 (weekends and holidays not included in calculation of period less than seven days.)

## II.    Procedural History

According to Taylor, he served the term of imprisonment on this conviction and was released from prison.[7]  Sometime later, he was convicted on other charges and sentenced to serve 60 years in prison as a multiple offender.[8]  Taylor also indicates that the 1981 conviction was used as a

---

[3]St. Rec. Suppl. Vol. 1 of 1, Bill of Information, 6/17/81.

[4]St. Rec. Suppl. Vol. 1 of 1, Minute Entry, 6/22/81; Waiver of Constitutional Rights Plea of Guilty, 6/22/81. *See also*, Rec. Doc. No. 1, Exh. 2, Plea Transcript, 6/22/81.

[5]*See* St. Rec. Vol. 1 of 1, Verification Letter, 4/5/07.

[6]At the time of the conviction, La. Code Crim. P. art. 914 required that a criminal defendant move for leave to appeal within five days of the order or judgment being appealed or of a ruling on a timely motion to reconsider a sentence.  Failure to move timely for appeal under Article 914 rendered the conviction and sentence final at the expiration of that period. *State v. Counterman*, 475 So.2d 336, 338 (La. 1985).  Article 914 was later amended by La. Acts 2003, No. 949, § 1 to provide 30 days for filing of the notice of appeal.

[7]Rec. Doc. No. 1, Memorandum, p. 1.

[8]Rec. Doc. No. 1, Petition, p. 3, Memorandum, p. 1.  The Court's research reveals that this conviction occurred in or around 1992.  *See*, *State v. Taylor*, 606 So.2d 1012 (La. App. 4th Cir. 1992) (Table).

predicate offense in the multiple bill proceedings, which prompted his current challenge to the validity of that prior plea of guilty.

Taylor further acknowledges that, in 2005, he submitted his first Application for Post Conviction Relief to the Trial Court, alleging that the 1981 guilty plea was not knowingly, intelligently, and voluntarily made and was made without understanding of the nature of the charge.[9] The Trial Court denied the application on February 18, 2005, finding that the record did not support the claim.[10]

Taylor apparently sought review of this ruling in the Louisiana Fourth Circuit Court of Appeal.  However, on March 28, 2005, the Court advised Taylor that the Louisiana Supreme Court had exclusive jurisdiction over review of his conviction.[11]

Taylor thereafter filed a writ application with the Louisiana Supreme Court, arguing that his plea was not knowingly and voluntarily made with an understanding of the nature of the charge.[12] On February 10, 2006, the Court denied the application as untimely, citing La. Code Crim. P. art. 930.8 and *State ex rel. Glover v. State*, 660 So.2d 1189 (La. 1995).[13]  The Court also denied without reasons Taylor's subsequent request for rehearing.[14]

---

[9]St. Rec. Suppl. Vol. 1 of 1, Application for Post Conviction Relief, undated.

[10]St. Rec. Suppl. Vol. 1 of 1, Judgment, 2/18/05.

[11]St. Rec. Vol. 1 of 1, 4th Cir. Letter, 3/28/05.

[12]St. Rec. Vol. 1 of 1, La. S. Ct. Writ Application, 05-KH-1301, 5/19/05 (postmarked 4/1/05, signed 3/21/05).

[13]*State ex rel. Taylor v. State*, 924 So.2d 155 (La. 2006); St. Rec. Vol. 1 of 1, La. S. Ct. Order, 2005-KH-1301, 2/10/06. In *State ex rel. Glover*, the Louisiana Supreme Court held that an appellate court can deny post-conviction relief as untimely under La. Code Crim. P. art. 930.8, even if the lower court addressed the merits or did not consider timeliness.  At the time, Article 930.8 provided a three-year period to file for post-conviction relief in the state courts.

[14]St. Rec. Vol. 1 of 1, Request for Rehearing, 05-KH-1301, 4/24/06; *State ex rel. Taylor v. State*, 930 So.2d 8 (La. 2006); St. Rec. Vol. 1 of 1, La. S. Ct. Order, 2005-KH-1301, 5/26/06.

## III.   **Federal Petition**

On January 22, 2007, Taylor filed a petition for federal habeas corpus relief raising two grounds for relief: (1) the plea of guilty was unconstitutionally taken and not an appropriate predicate offense; and (2) the guilty plea taken under state law requires habeas relief.[15]   The State filed a response in opposition to Taylor's petition, alleging that the Court is without jurisdiction to consider the petition, the petition was not timely filed, the claims are procedurally barred, and alternatively, the claims are without merit.[16]

## IV.   **Standards of Review**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[17] applies to Taylor's petition, which is deemed filed in this court on December 28, 2006, pursuant to the federal mailbox rule.[18]   The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies

---

[15]Rec. Doc. No. 1.

[16]Rec. Doc. No. 5.

[17]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).  The AEDPA, signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law.  *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[18]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se.  Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995).  The clerk of court filed Taylor's petition on January 22, 2007, when the filing fee was paid.  Taylor dated his signature on the petition on December 28, 2006.  This is the earliest date on which he could have been submitted the pleadings to prison officials for mailing.  The fact that he paid the filing fee on a later date does not alter the application of the federal mailbox rule to his pro se petition.  *See Cousin v. Lensing*, 310 F.3d 843, (5th Cir. 2002) (mailbox rule applies even if inmate has not paid the filing fee at the time of mailing) (citing *Spotville*, 149 F.3d at 374).

and must not be in "procedural default" on a claim.  *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

In this case, the State argues that Taylor's petition is not timely filed and that the claims are in procedural default.  The State has also alleged that the Court is without jurisdiction to consider the petition.  A review of the record reflects that this Court is without subject matter jurisdiction over Taylor's habeas corpus petition challenging the 1981 guilty plea and conviction.

**V.    The "In Custody" Requirement of Subject Matter Jurisdiction**

Title 28 U.S.C. § 2241(d) "gives the United States district courts jurisdiction to entertain petitions for habeas relief <u>only</u> from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.'"  *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (quoting 28 U.S.C. § 2241(c)(3)) (emphasis added); 28 U.S.C. § 2254(a); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987) (To be eligible for federal habeas corpus relief, a petitioner must be "in custody" and have exhausted state court remedies).  The United States Supreme Court has interpreted this statutory language to require that the habeas petitioner be "in custody" for the conviction or sentence under attack at the time the petition is filed.  *Lackawanna County Dist. Attorney v. Coss*, 121 S. Ct. 1567, 1572 (2001); *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (whether a petitioner is "in custody" is determined as of the date on which the habeas petition is filed); *Maleng*, 490 U.S. at 490-91 (citing *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)); *Port v. Heard*, 764 F.2d 423, 425 (5th Cir. 1985).

The *Maleng* Court further held that a habeas petitioner is not considered to be "in custody" when his sentence has expired for the challenged conviction.  *Maleng*, 490 U.S. at 492 (citing *Carafas*, 391 U.S. at 238); *accord Steverson v. Summers*, 258 F.3d 520, 524 (6th Cir. 2001); *Pleasant v. State*, 134 F.3d 1256, 1258 (5th Cir. 1998).  However, when the jurisdictional

prerequisite of custody is met at the time of filing, jurisdiction is not defeated by the petitioner's subsequent release from custody. *Carafas*, 391 U.S. at 238; *Port*, 764 F.2d at 425.

In this case, Taylor's petition is deemed filed in this Court on December 28, 2006 under the federal "mailbox rule."   At that time, Taylor was <u>not</u> in custody on the 1981 armed robbery conviction at issue in this petition.  He concedes that he had in fact served his sentence and been released many years prior to the filing of this petition.  His current incarceration stems from another, subsequent criminal conviction.  Taylor is not "in custody" on the conviction at issue, and this Court is without subject matter jurisdiction to consider his habeas corpus petition.

## VI.   Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Taylor's petition for issuance of a Writ of Habeas Corpus filed pursuant to Title 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** for lack of subject matter jurisdiction.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 16th day of September, 2008.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

6